# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | |
|---|---|
| TONY HAMILTON,<br><br>    **Plaintiff,**<br>  **-v-**<br><br>MID-ATLANTIC FINANCE CO., INC., and THE CAMPING COMPANIES, INC.<br><br>    **Defendants.** | **Civil Action No.**<br><br><br>**CIVIL ACTION COMPLAINT** |

Plaintiff TONY HAMILTON (hereinafter referred to as "Plaintiff") complains and alleges against Defendant, MID-ATLANTIC FINANCE CO., INC. and Defendant THE CAMPING COMPANIES, INC. (hereinafter "Defendants") as follows.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally and egregiously breached the peace by knowingly attempting to repossess his vehicle while it

was occupied and continuing to repossess the vehicle over Plaintiff's repeated objections. Plaintiff also brings a claim against Defendant The Camping Companies, Inc. for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages and punitive damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff Tony Hamilton ("Plaintiff") is a natural person and a resident of Leon County, Florida and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Mid-Atlantic Finance Co., Inc. (hereinafter referred to as "Mid-Atlantic") is a financial institution headquartered in Clearwater, Florida.

7. Defendant The Camping Companies, Inc. (hereinafter referred to as "TCC"), is a repossession company, with its principal place of business in Phoenix, Arizona.

8. Defendant TCC is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant TCC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

**ALLEGATIONS OF FACT**

10. Plaintiff Tony Hamilton owns a 2014 Chevy Silverado (the "Vehicle").

11. Plaintiff purchased this Vehicle through an auto loan held by Mid-Atlantic.

12. Plaintiff took out this auto loan to purchase this Vehicle for personal, family and household use.

13. At some point prior to June 6, 2025, Plaintiff fell behind on his payments on the Mid-Atlantic auto loan.

14. The money owed under the Mid-Atlantic auto loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

15. As a result, Mid-Atlantic apparently contracted with Defendant TCC to repossess the Plaintiff's Vehicle.

16. At approximately 7:20 a.m. on or about June 6, 2025, Plaintiff's vehicle was lawfully parked in the gated driveway of his girlfriend's house in Tallahassee, Florida.

17. At that time, and upon information and belief, Defendants' repo agents broke the lock of the driveway gate in order to enter into this gated driveway and repossess the Plaintiff's vehicle.

18. Plaintiff observed that a tow truck – later identified as belonging to TCC – apparently entered the private driveway, which had been secured with a padlock, in order to begin hooking up the Plaintiff's vehicle to the tow truck.

19. At this time, Plaintiff's daughter, entered the Vehicle to drive to a doctor's office.

20. Plaintiff immediately exited his girlfriend's home and objected to the repossession, telling the Defendants' repossession agent that he could not take the Plaintiff's vehicle at that time.

21. Defendants' repo agent did not care and proceeded to hook and lift the Plaintiff's vehicle while Plaintiff's minor daughter was seated inside the Vehicle.

22. It is inherently dangerous and reckless to attempt to repossess, hook, lift or tow an occupied vehicle, particularly when the occupant is not expecting such a sudden movement of the vehicle, as such actions can cause damage to the vehicle and injury to the occupant.

23. The Defendants' repo agent knew that he could not safely and legally lift and repossess an occupied vehicle and that doing so could cause injury or damage but did so anyway.

24. Knowing he could not carry out the repossession of the occupied Vehicle over Plaintiff's objections, Defendants' repo agent called the Leon County Sheriff's Office to come and assist him with the repossession.

25. Upon arrival, the armed sheriff falsely advised Plaintiff that he will be charged with a crime if he continued to refuse to surrender his Vehicle to Defendants' repossession agent.

26. The law in Florida has long been clear that a debtor has the absolute right to object to a repossession, and that a repossession must cease upon the verbal objection of the debtor to the repossession. *See e.g., Marine Midland Bank-Cent. v. Cote,* 351 So. 2d 750, 752 (Fla. Dist. Ct. App. 1977)("the debtor's physical objection bars repossession even from a public street"); *In re 53 Foot Trawler Pegasus*, No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *5 (M.D. Fla. Nov. 18, 2008) ("The statute makes it clear that a creditor runs the risk of serious liability if he proceeds with a self-help repossession when there is a serious objection by the debtor"); *Nixon v. Halpin*, 620 So. 2d 796, 798 (Fla. Dist. Ct. App. 1993) ("The owner of the vehicle had a right to object to DCI's attempted repossession of the collateral. If DCI had not already peaceably removed the vehicle when the owner objected, its continuation with the attempt at repossession was no longer peaceable and without a breach of the peace").

27. Despite being plainly aware that they could no longer repossess the Plaintiff's vehicle after Plaintiff had objected to it, the Defendants' repo agents did not

care, and willfully and intentionally violated the law in persisting with the repossession.

28. Defendants' repo agent ultimately successfully carried out the repossession of Plaintiff's vehicle, by breaking the padlock on the gate securing Plaintiff's girlfriend's private driveway, and by employing the assistance of armed law enforcement.

29. As a result of the Defendants' illegal repossession, the Plaintiff suffered anger, frustration, emotional distress and lost time because of the Defendants' actions and was subjected to abusive collection tactics from which he had a substantive right to be free.

30. When Plaintiff ultimately recovered his Vehicle it had been significantly damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against TCC)**

31. Plaintiff realleges paragraphs 10-30 as though more fully set forth herein.

32. Plaintiff brings this Count against Defendant TCC.

33. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

34. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or

threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)    the property is exempt by law from such dispossession or disablement.

35. Under Florida Statute § 679.601 and 679.609, a secured party may take possession of collateral, without judicial process, **<u>only</u>** if it can be accomplished without a breach of the peace.

36. On June 6, 2025, the Defendant breached the peace (a) by breaking through a locked gate securing private property in order to access Plaintiff's vehicle; b) by recklessly and dangerously attempting to repossess the Plaintiff's vehicle while Plaintiff's daughter was inside of it, (c) by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendant to stop the repossession, and (d) by involving armed law enforcement to assist with the repossession.

37. As a result, the Defendant did not have the present right to possession of the Plaintiff's vehicle once they breached the peace and were prohibited from repossessing it at that time.

38. The Defendant accordingly violated 15 USC § 1692f(6) when it attempted to repossess the Plaintiff's vehicle on June 6, 2025.

39. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, by subjecting the Plaintiff to unfair and unconscionable means to collect a debt, by depriving the Plaintiff of use of the vehicle, and by depriving the Plaintiff of the right to pre repossession judicial process.

40. Defendant's illegal activity also harmed Plaintiff by causing him to suffer anger, fear for his daughter's safety, anxiety, emotional distress, lost sleep, frustration and embarrassment.

41. By reason thereof, Defendant TCC is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## <u>COUNT II</u>

**UNLAWFUL REPOSSESSION**
**Florida Statute § 679.601, 679.609 and 679.625 *et seq.***
**(Against All Defendants)**

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 10-30 above, with the same force and effect as if the same were set forth at length herein.

43. Plaintiff brings this Count against all Defendants.

44. Florida law does not permit non judicial or "self-help" repossession of consumer motor vehicles unless the repossession can be accomplished without a breach of the peace. Florida Statute § 679.601, 679.609.

45. On June 6, 2025, the Defendants breached the peace (a) by breaking through a locked gate securing private property in order to access Plaintiff's vehicle; b) by recklessly and dangerously attempting to repossess the Plaintiff's vehicle while Plaintiff's daughter was inside of it, (c) by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendant to stop the repossession, and (d) by involving armed law enforcement to assist with the repossession.

46. As a result, the Defendants violated Florida Statute § 679.601 and 679.609 when they repossessed the Plaintiff's vehicle on June 6, 2025.

47. By illegally repossessing the Plaintiff's vehicle on June 6, 2025 in violation of Florida Statute § 679.601 and 679.609, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving him of the use of his vehicle, and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

48. Moreover, Plaintiff suffered anger, fear for his daughter's safety, anxiety, emotional distress, lost sleep, frustration and embarrassment as a result of the Defendants' actions.

49. By reason thereof, Defendants are also liable to the Plaintiff for judgment that Defendants' conduct violated Florida Statute § 679.601 and 679.609 statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT IV

### CONVERSION
**(Against All Defendants)**

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 10-30 above, with the same force and effect as if the same were set forth at length herein.

51. As set forth above, each of the Defendants wrongfully repossessed the Plaintiff's vehicle and the Plaintiff's possessions at a time that the Plaintiff – and not the Defendants – was entitled to possession of that vehicle and the possessions contained therein.

52. The Defendants then held Plaintiff's vehicle and the possessions that were contained therein, thereby exercising control over the Plaintiff's property.

53. Defendants' conversion of Plaintiff's vehicle and the Plaintiff's possessions harmed Plaintiff, by depriving him of the use of his vehicle for an extensive period of time.

54. Defendants further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in injuring Plaintiff, and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

55. Defendants' illegal activity also harmed Plaintiff by causing him to suffer anger, fear, anxiety, physical pain, emotional distress, lost sleep, frustration and embarrassment.

56. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and the possessions contained therein, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    awarding Plaintiff actual damages incurred;

    (b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c)     awarding the Plaintiff punitive damages;

(c)     Awarding pre-judgment interest and post-judgment interest;

and

(f)     Awarding Plaintiff such other and further relief as this Court

may deem just and proper.

Dated: May 30, 2026                    Respectfully submitted,

/s/ Joseph Kanee, Esq.
Joseph Kanee, Esq.
MARCUS & ZELMAN, LLC
1508 SW 23 Street
Fort Lauderdale, FL 33315
Tel: (848) 346-4358
Email: joseph@marcuszelman.com
*Attorney for Plaintiff*